**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMELO DIAZ-ORTEGA, | No. 09-73755 |
| Petitioner, | |
| | Agency No. A095-739-699 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

December 14, 2010[**]

Before:    GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioner Carmelo Diaz-Ortega, a native and citizen of Guatemala, petitions

for review of a Board of Immigration Appeals order dismissing his appeal from an

immigration judge's (IJ) decision denying his application for withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the Board's denial of withholding of removal because Diaz-Ortega failed to show his alleged persecutors threatened him on account of a protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005) (holding that social group of business persons resisting criminal activity is too broad to qualify as a particularized social group for purposes of asylum and withholding of removal); *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (recognizing that generalized lawlessness and violence between diverse populations is generally insufficient to support asylum claim).

Contrary to Diaz-Ortega's contention that the Board's decision did not provide an adequate basis for review and violated his due process rights, the IJ was not required to discuss every piece of evidence, but only to consider all of the evidence. 8 C.F.R. § 1208.16(c)(3). Moreover, the Board's decision contains an adequate statement of its reasons for denying relief so that this court may properly conduct its review. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Diaz-Ortega did not establish a likelihood of torture by, at

the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

09-73755